COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Alpha TURNER et al., Appellees.

Court of Appeals of Kentucky.

Feb. 5, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Jarvis Allen, Pikeville, for appellant.

Duff Arnett, Hazard, for appellee Pocohontas Godfrey.

MOREMEN, Chief Justice.

This was an action brought by two sets of landowners, the Turners and the Phillipses, against the Commonwealth of Kentucky, Pocohontas Godfrey and John Willie Combs, for trespass and to quiet title to certain realty and, further, to locate the true boundary line of the land. The court decided the issue between the Commonwealth and the Turners in favor of the latter and although there were collateral issues which were decided, the Commonwealth has directed its appeal to the controversy between it and the Turner owners. Godfrey and Combs also were named as appellees, but apparently the Commonwealth was satisfied with the judgment in that respect. Neither Godfrey nor Combs has filed a cross-appeal.

No brief has been filed by the Turners and we elect, under subsection (c)(2) of RCA 1.260, to reverse the judgment because appellant's brief reasonably appears to sustain such action.

The land in question was involved in a series of deeds by which the Commonwealth obtained a right-of-way to build a bypass through the City of Hazard. The Turners sold a parcel of land to the Commonwealth for a valuable consideration and the deed contained this description:

"All that part of said tract or tracts which lie easterly of a line run 27 feet westerly of and parallel to the center line of said proposed public road between the center of Broadway in the City of Hazard at approximately Sta. 9 ≠ 78 and the south property line at approximately Sta. 12 ≠ 94."

Apparently an accurate survey map was introduced at the trial, but it has not been included in the record on appeal. Since the above description includes all the land east of the center line of the road up to and including the eastern boundary of the Turners' property and contains no descrip-

tion of the eastern boundary, one must conclude that it means to the east boundary of the entire tract between the stations above described. A part of this eastern portion of the tract is required by the Commonwealth in order to maintain a culvert, but the trial court in its findings of facts and conclusions of law held that the land conveyed by the Turners to the Commonwealth—but not now a part of the actual road—had reverted to the abutting property owners because the Commonwealth had abandoned this real property.

It is settled in this state that real property cannot be abandoned. An owner may be divested of property under proper circumstances, by adverse possession by another, but that is not presented here. In Turk v. Wilson's Heirs, 266 Ky. 78, 98 S.W.2d 4 (1936) it was said:

> "By virtue of the provisions of section 470, Ky.Stats (the statute of frauds), there is but one way for a man to part with a vested title to real estate, and that is by a writing signed by him. A vested fee-simple title to real estate cannot be abandoned. If a man should go away and leave it for forty, fifty, or any other number of years, and no one should seize and occupy the property adversely, or it should not be sold for taxes, the returning owner would perhaps find his property grown up with saplings and bushes, but he would find his title unimpaired. * * *"

See also United Mining Co. v. Morton, 174 Ky. 366, 192 S.W. 79 (1917); Duncan et al. v. Mason et al., 239 Ky. 570, 39 S.W.2d 1006 (1931).

We recognize that the doctrine of abandonment is sometimes applied to mining rights, but not to fee simple titles in real estate.

Judgment reversed.